IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALICIA GUERRERO MAGALLON,

    Plaintiff,

vs.                                Case No. 4:04cv491-WS/WCS

M. L. RIVERA, WARDEN,

    Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a "petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3); 2254(a) in custody challenge." Doc. 1. Petitioner asserts a challenge to her 1987 California conviction, which (Petitioner argued) made her deportable and therefore subject to a subsequent federal prosecution for being an illegal alien in the United States following deportation. Doc. 1, p. 3.

Attached to the § 2241 petition is a copy of Petitioner's pro se habeas corpus petition, dated August 5, 2004, filed in the Superior Court of California, Ventura County. Doc. 1, attachment. Petitioner asserted there that the state court failed to advise her of the deportation consequences of a guilty plea as required by California law. *Id.*, p. 3. Petitioner asserted that counsel was ineffective for failing to advise her of, or ask the

court for, a Judicial Recommendation Against Deportation (JRAD).[1]  *Id.*, pp. 7-10. Petitioner also asserted she was not advised of her rights under the Vienna Convention. *Id.*, p. 11.[2]

Also attached to the § 2241 petition is a copy of Petitioner's California guilty plea to sales of heroin, filed on March 23, 1987.  Doc. 1, second attachment.  There are "consequences of plea" listed on the plea form, to be initialed by the defendant.  No check mark or initials appear next to the statement "I could be deported, excluded from or denied naturalization if I am not a citizen.  (Penal Code § 1016.5)."  *Id.*, p. 3.

Finally, there is attached a copy of the informal opposition to petition for writ of habeas corpus and coram nobis, filed in the Superior Court on January 5, 2004, in response to a show cause order issued on December 18, 2003.  Doc. 1, third attachment.[3]  The response notes that two counts were dropped as a result of Petitioner's guilty plea, she was sentenced to four years imprisonment on April 20, 1987, and she received a total of 141 days sentence credit.  *Id.*, p. 1.

---

[1] A *federal* court at one time had the authority to issue a judicial recommendation against deportation (JRAD), but this was abolished in 1990.  See United States v. Oboh, 92 F.3d 1082, 1086-87 (11th Cir.1996) (en banc), *cert. denied*, 520 U.S. 1121 (1996) (citation and footnote omitted).

[2] A claim under the Vienna Convention, if cognizable at all, must be properly exhausted.  Breard v. Greene, 523 U.S. 371, 374-376, 118 S.Ct. 1352, 1354-55, 140 L.Ed.2d 529 (1998); Medellin v. Dretke, 371 F.3d 270, 279-280 (5th Cir. 2004) (following Breard and noting that, even if not procedurally defaulted, the Convention did not create an individually enforceable right).

[3] Assuming the state petition was correctly dated August 5, 2004, this obviously was a response to an earlier petition.  It does appear to address the same grounds raised in the attached state petition, however.

Case No. 4:04cv491-WS/WCS

On review of the petition, the undersigned entered an order directing Petitioner to show cause. Doc. 4 (incorporated by reference). It was noted that Petitioner was sentenced to 77 months in the Central District of California, following a guilty plea to being an illegal alien found in the United States following deportation. *Id.*, pp. 1-2, referencing United States v. Magallon-Guerrero, (unpublished opinion, available at 2001 WL 577016) (9th Cir. 2001) (affirming this conviction). The court advised that even if there were no procedural obstacles, it appeared Petitioner was not entitled to relief in this court. Doc. 4, pp. 2-3. Possible procural obstacles were noted:

> For example, a § 2254 petition is presumably barred under the one year limitations period of § 2244. Petitioner's guilty plea to the federal charge is an issue to be raised in the sentencing court under § 2255, which also has a one year limitations period. Aside from the time limit, Petitioner may not seek habeas corpus relief from her federal sentence unless the § 2255 remedy is "inadequate or ineffective." § 2255; Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (discussing the "savings clause" of § 2255).

*Id.*, p. 3, n. 2.

On the merits it was noted that, as a collateral consequence of pleading guilty, deportation consequences need not be explained for a guilty plea to be voluntary. *Id.*, p. 2, *citing* United States v. Campbell, 778 F.2d 764 (11th Cir. 1985) (other citations omitted). Petitioner was directed to show cause why the petition should not be summarily dismissed, and to "be clear as to which judgment or sentence she is challenging, and set forth the factual basis for the challenge." *Id.*, p. 3.

Petitioner filed a response and "emergency request and request for judicial notice under Fed.R.Evid. 201." Doc. 5. The response is dated February 8, 2005. Petitioner asserts that her early release date is on or after February 8, 2005. Doc. 5, pp. 1-2. The

web site for the Bureau of Prisons (BOP) includes an inmate locator service, and a search reveals that Petitioner was released on February 10, 2005.[4]

Petitioner asserts that her "early release is a supervised term which will [not] expire until 2007 and the February 8, 2005 [release] is only to the immigration detainer to the I.N.S.'s custody," so the case is not moot.  Doc. 5, p. 2.  Petitioner asks that this case be stayed "in the event that the state courts in California for any reason fail[] to resolve the matter in controversy," and claims that she remains in "constructive custody" of the California sentence.  *Id.*, p. 3.  Petitioner asks the court to take judicial notice of California law, and clarifies that "the only guilty plea . . . that is challenged here, took place in state court under California law."  *Id.*, pp. 3-4.  Petitioner argues that Campbell and other cases cited in the order are not controlling because they did not involve guilty pleas in California.  *Id.*, p. 4.

Whether or not reliance on Campbell was misplaced, or whether Petitioner could raise a cognizable challenge with respect to her California conviction, the petition should be summarily dismissed.  It is now clear that Petitioner's challenge is to the California conviction, and the sentence on that conviction has expired.  Petitioner was deported, and she was subsequently convicted of being in the United States after deportation.[5]  The current petition must be construed as challenging the federal conviction as affected

---

[4] Separate searches were made using Petitioner's BOP Register Number and her INS number.  Both yielded the same result.

[5] According to Appellant's Opening Brief filed on appeal from federal conviction under 8 U.S.C. § 1326, Petitioner admitted that she was a citizen of Mexico, that she entered the United States after two deportations and a reinstatement of deportation (in 1991, 1993, and 1997), and that she never obtained permission from the Attorney General to reapply for admission.  2000 WL 3401777 (brief dated April 24, 2000).

by the California conviction.[6] McCarthy v. United States, 320 F.3d 1230, 1231, n. 1 (11th Cir. 2003) (§ 2254 petition attacking expired state convictions used to enhance current federal sentence had to be brought under § 2255 rather than § 2254) (and cases cited).

A challenge to a federal conviction or sentence is made under § 2255, which provides a remedy for a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A motion to vacate is filed in the court which imposed the sentence. *Id.*

As Petitioner was previously advised, a § 2255 claim may not proceed in federal habeas corpus unless the § 2255 remedy is "inadequate or ineffective" for purposes of the savings clause of § 2255. Doc. 4, p. 3, n. 2 (and quoted *supra*). According to the docket in Petitioner's criminal case, case number 99cr755 (available in PACER), Petitioner filed a § 2255 motion which was denied and a certificate of appealability was denied by the district court and the court of appeals. Petitioner may not file a second or

---

[6] The court should not construe the current petition as challenging Petitioner's underlying deportation or removal, which was subject to collateral attack in the federal criminal proceeding. § 1326(d); *see also* United States v. Zelaya, 293 F.3d 1294, 1297 (11th Cir. 2002) (setting forth the requirements for a collateral challenge to succeed). In Zelaya, the challenge had been raised in a motion to dismiss the indictment, and as an issue of law was reviewed de novo on direct appeal. 293 F.3d at 1296-97. Further, the court should not construe the current petition as challenging a pending or future removal. Petitioner does not allege that a final order of removal has been entered or that Petitioner has exhausted administrative remedies, and until such time the court lacks jurisdiction. Galindo-Del Valle v. Attorney General, 213 F.3d 594, 599 (11th Cir. 2000), *cert. denied* 533 U.S. 949 (2001); Boz v. United States, 248 F.3d 1299 (11th Cir. 2001).

Case No. 4:04cv491-WS/WCS

successive § 2255 motion absent authorization from the court of appeals.  § 2255, § 2244.  She may not evade this restriction by labeling a second or successive motion as something else.  Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004), *pet. for cert. granted in part*, __ S.Ct. __, 2005 WL 78683 (2005) (citation omitted) (limitations on the court's recharacterizing a document as a first § 2255 motion do not extend beyond initial filings; and do not "impl[y] that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not.").

Petitioner could proceed in the district of her confinement by petition for writ of habeas corpus, but only if she is entitled to so proceed under the "savings clause" of § 2255.  The fact that Petitioner is barred from filing a successive motion does not render the § 2255 remedy inadequate or ineffective under the savings clause.  Wofford, 177 F.3d at 1245 (none of the sentencing claims was based on "a circuit law-busting, retroactively applicable Supreme Court decision" as required under the savings clause, claims could have been raised at trial or appeal, and petitioner could not use § 2241 "simply to escape the restrictions on second or successive § 2255 motions.").

The extent to which a challenge to the California conviction might ever have been cognizable, even in the sentencing court, is not clear.  The prior conviction was not necessary for the illegal reentry conviction under § 1326(a), but did increase the sentence under § 1326(b)(2), which provides a sentence of up to 20 years for an alien "whose removal was subsequent to a conviction for commission of an aggravated felony."  Petitioner argued on direct appeal that the aggravated felony could not be used for enhancement under § 1326(b)(2) because it was not charged in the indictment or

admitted during the guilty plea. The Ninth Circuit found no violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which preserved the rule of Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). 2001 WL 577016 at *1 (other citations omitted). In Almendarez-Torres, the Court determined that § 1326(b)(2) is a penalty provision, and does not prescribe a separate crime. 523 U.S. at 226-227, 118 S.Ct. at 1223. While the continuing validity of Almendarez-Torres has been questioned, it remains good law. See Shepard v. United States, __ U.S. __, __ S.Ct. __, 2005 WL 516494 (March 7, 2005).[7]

As a sentencing enhancement, the prior conviction was not subject to collateral attack at sentencing or by § 2255 motion. With the exception of convictions obtained in violation of the right to counsel, a defendant has no right to collaterally attack prior state convictions at his federal sentencing or by § 2255 motion. Custis v. United States, 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (sentencing); Daniels v. United States, 532 U.S. 374, 382, 121 S.Ct. 1578, 1583-84, 149 L.Ed.2d 590 (2001) (§ 2255). See also Lackawanna County District Attorney v. Coss, 531 U.S. 923, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001) (extending rationale to the § 2254 context); Hubbard v.

---

[7] In Shepard, the Court found that a sentencing court may not look beyond certain documents in determining predicate convictions under the Armed Career Criminal Act. Justice Souter delivered the opinion of the Court, except as to Part III, which was joined only by Justices Stevens, Scalia, and Ginsburg. Part III noted developments in the law, and that Apprendi might ultimately extend to proof of prior convictions. *8 and n. 5. Justice Thomas, concurring but not joining Part III, wrote that Almendarez-Torres "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided." *Id.*, at *9 (J. Thomas, concurring in part and concurring in the judgment) (citations omitted). Justice O'Connor, joined in dissent by Justices Kennedy and Breyer, found no reason "to extend the rule into new territory that *Apprendi* and succeeding cases had expressly and consistently disclaimed." *Id.*, at *16 (J. O'Connor, dissenting).

Haley, 317 F.3d 1245, 1255-57 (11th Cir. ), *cert. denied*, 540 U.S. 390 (2003) (collateral attack on 1957 conviction based on alleged ineffectiveness of counsel was precluded in habeas challenge to 1982 conviction and sentence by Custis, Daniels, and Lackawanna County; relief had not been previously granted on the 1957 conviction, Petitioner was no longer "in custody" of that sentence, and the conviction was "presumptively valid" and properly considered in the 1982 proceeding).

In the unlikely event that Petitioner obtains belated relief from the California conviction, she may attempt to obtain relief in the federal criminal case. *But see* Johnson v. United States, __ U.S. __, 125 S.Ct. 26, 159 L.Ed.2d 857 (2004) (granting certiorari on the issue of whether the vacatur of a state conviction is a "fact" for purposes of commencing the one year limitations period of § 2255); Farris v. United States, 333 F.3d 1211, 1215-16 (11th Cir. 2003) (defendant previously denied § 2255 relief sought recalculation of federal sentence based on recent reversal of state court sentence; claim was untimely and properly rejected as unauthorized second or successive motion).

In sum, a challenge to the use of Petitioner's state sentence as affecting the validity of her federal sentence, if cognizable at all, should be directed to the sentencing court.

It is therefore is respectfully **RECOMMENDED** that "petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3); 2254(a) in custody challenge" (doc. 1) be **SUMMARILY DENIED**.

Case No. 4:04cv491-WS/WCS

**IN CHAMBERS** at Tallahassee, Florida, on March 28, 2005.

                                                  s/     William C. Sherrill, Jr.
                                                **WILLIAM C. SHERRILL, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:04cv491-WS/WCS